## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GERALD JAMES MIRE, III, ET AL.**                        **CIVIL ACTION**

**VERSUS**

**NO. 18-137-BAJ-RLB**

**DISA GLOBAL SOLUTIONS, INC., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 11, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GERALD JAMES MIRE, III, ET AL.**                         **CIVIL ACTION**

**VERSUS**

**                                                                                     NO. 18-137-BAJ-RLB**

**DISA GLOBAL SOLUTIONS, INC., ET AL.**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Before the Court is Plaintiffs' Motion for Leave to File First Amended Petition for Damages (R. Doc. 4) filed on February 15, 2018. The motion is opposed. (R. Doc. 26).

Also before the Court is Plaintiffs' Motion for Remand (R. Doc. 17) filed on March 11, 2018. The motion is opposed. (R. Doc. 40).

The Court considers the foregoing motions together because they concern the same related issue of whether remand of this action is warranted.

**I.     Background**

On or about December 15, 2017, Gerald James Mire, III and Hallie White Mire (collectively, "Plaintiffs") initiated this action in the 19th Judicial District Court, East Baton Rouge, Parish, naming as defendants DISA Global Solutions Inc. ("DISA"), Psychemedics Corporation ("Psychemedics"), Randy B. Barnett, D.O. ("Dr. Barnett"), and Motiva Company ("Motiva") (collectively, "Defendants"). (R. Doc. 1-1, "Petition").

Plaintiffs allege that while Mr. Mire was employed as an electrician by ISC Constructors, LLC ("ISC") he worked at various Motiva plants. (Petition ¶ 3). On or about December 1, 2016, Mr. Mire subjected himself to a random drug screening involving the collection of a hair sample by DISA that was sent to Psychemedics for laboratory services and/or chemical analysis. (Petition ¶¶ 5-7). Plaintiffs allege that Dr. Barnett was designated by DISA as the Medical

1

Review Officer ("MRO") to review the drug test results. (Petition ¶ 15). Mr. Mire's employment was terminated when the drug screening returned positive for cocaine. (Petition ¶ 9).

Among other things, Plaintiffs allege that Defendants are responsible "for the unlawful termination and dismissal of Mr. Mire from his employment as follows, which includes: violation of his civil rights, invasion of privacy, intentional interference with Mr. Mire's employment, and violation of state and federal laws, including but not limited to the Louisiana Employment Discrimination Law, HIPAA, the NIDA guidelines, the DOT regulations, the PHMSA regulations, the ADA, the Louisiana Human Rights Act, and/or the Louisiana Drug Testing statutes." (Petition ¶ 14(b)). Plaintiffs specifically allege that each defendant breached its duty of care by committing certain acts or omissions required by HIPAA, the DOT regulations, PHMSA regulations. (Petition ¶ 18). Plaintiffs seek damages exceeding $150,000, as well as removal of Mr. Mire's drug test results from his employment files. (Petition ¶¶ 21-22).

On February 8, 2018, Psychemedics removed the action, asserting that this Court has both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). In support of federal question jurisdiction, Psychemedics asserts that Plaintiffs allege "violations of federal laws" and that supplemental jurisdiction over Plaintiffs' state law claims is proper under 28 U.S.C. § 1367(a). (R. Doc. 2-3). In support of diversity jurisdiction, Psychemedics asserts that there is complete diversity between the parties because Plaintiffs are citizens of Louisiana, Psychemedics is a citizen of Massachusetts and Delaware, DISA is a citizen of Texas and Delaware, Dr. Barnett is a citizen of Pennsylvania, and Motiva is a citizen of Delaware and Texas. (R. Doc. 1 at 3-4). Psychemedics further asserts that it is facially apparent that the amount in controversy requirement is satisfied in light of Plaintiffs' allegations. (R. Doc. 1 at 3-4).

2

On February 15, 2018, Plaintiffs filed Motion for Leave to File First Amended Petition for Damages (R. Doc. 4), which seeks leave to amend the Petition under Rule 15(a)(2) of the Federal Rules of Civil Procedure to name ISC as an additional defendant. In the proposed pleading, Plaintiffs assert that both Plaintiffs and ISC are citizens of Louisiana. (R. Doc. 4-1 at 2).

On February 23, 2018, Psychemedics filed an "Amended Notice of Removal" asserting, among other things, that "improper joinder" of ISC as a defendant does not defeat diversity jurisdiction. (R. Doc. 9). In the Amended Notice of Removal, Psychemedics asserts that amendment of Plaintiffs' Petition should be allowed as a matter of course under Rule 15(a)(1). (R. Doc. 9 at 4). Based on the foregoing assertion, Psychemedics contends that the improper joinder doctrine is applicable to the determination of whether the Court has diversity jurisdiction (despite the fact that ISC was not a named defendant at the time of removal). (R. Doc. 9 at 4-6). More specifically, Psychemedics asserts that Plaintiffs' claims against ISC must fail because they are barred by the applicable prescriptive periods and ISC cannot be held vicariously liable for DISA's alleged negligence in light of their independent contractor relationship. (R. Doc. 9 at 6-11).

On March 11, 2018, Plaintiffs filed their Motion to Remand, which asserts that the Court lacks both federal question jurisdiction and, in light of the proposed addition of ISC as a defendant, also lacks diversity jurisdiction. (R. Doc. 17). Plaintiffs argue that the Court lacks federal question jurisdiction because their claims are grounded in Louisiana state law, invoke federal regulations only as an element of their state-law claims, and do not rely on resolution of any substantial federal question. (R. Doc. 17-1 at 6-8). Plaintiffs further argue that the Court lacks diversity jurisdiction because the prescriptive period for their claims against ISC was

3

interrupted on the basis that ISC is a solidary obligor with the currently named defendants. (R. Doc. 17-1 at 11-16). Plaintiffs now assert that they "are entitled to file their Amended Complaint as a matter of course" under Rule 15(a)(1)(B), and further argue that their proposed amended pleading does not contain any basis for federal question jurisdiction (R. Doc. 17-1 at 16-19).

On March 14, 2018, Defendants sought and obtained leave to file an untimely opposition to Plaintiffs' Motion for Leave to Amend. (R. Docs. 23, 24). In their opposition, Defendants now argue that because Plaintiffs are attempting to add a non-diverse defendant, the Court must consider 28 U.S.C. § 1447(e) and the factors outlined in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) even if Plaintiffs could otherwise amend as a matter of right under Rule 15(a)(1). (R. Doc. 26 at 3).[1] Despite their belated recognition of the relevance of Section 1447(e) and the *Hensgens* factors to the Court's analysis, Defendants continue to rely on decisions considering the improper joinder doctrine and do not directly address the *Hensgens* factors. (R. Doc. 26 at 4-10).[2]

On April 9, 2018, Defendants filed their opposition to Plaintiffs' Motion to Remand. (R. Doc. 40). In this brief, Defendants specifically argue that the *Hensgens* factors warrant denial of Plaintiffs' Motion for Leave to Amend and Motion to Remand. (R. Doc. 40 at 3-6). Defendants further argue that Plaintiffs cannot establish that ISC is a solidary obligor with DISA, Psychemedics, and Dr. Barnett, and, accordingly, the relevant prescriptive periods were not tolled or interrupted. (R. Doc. 40 at 6-9). Defendants further argue that Plaintiffs' negligence claim against ISC is precluded by the Louisiana Workers Compensation Act, and that Plaintiffs'

---

[1] When applicable, "[Section] 1447(e) trumps Rule 15(a)." *Ascension Enterprises, Inc. v. Allied Signal, Inc.,* 969 F. Supp. 359, 360 (M.D. La. 1997); *see Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 715-16 (W.D. Tex. 2014) ("28 U.S.C. § 1447(e) allows the Court discretion to permit or deny joinder, even when a party may otherwise amend as a matter of course.").

[2] The doctrine of improper joinder "does not apply to joinders that occur *after* an action is removed." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (applying § 1447(e) and *Hensgens*).

4

remaining claims are not viable for the same reasons already briefed by Defendants. (R. Doc. 40 at 9-14). Finally, in support of federal question jurisdiction, Defendants argue that Plaintiffs' ADA claims require a finding of federal question jurisdiction. (R. Doc. 40 at 15-17).

Having reviewed Plaintiffs' motions and the corresponding briefing, the Court will first determine whether the Court may exercise federal question jurisdiction based upon the allegations in the original Petition. If so, allowing amendment to add a non-diverse defendant, while destroying diversity jurisdiction, would not divest the Court of subject matter jurisdiction and require remand. If federal question jurisdiction is not present, however, the Court must balance *Hensgens* factors to determine whether the addition of a non-diverse defendant should be allowed, which would divest the Court of subject matter jurisdiction and require remand.

## II.   Law and Analysis

### A.   Federal Question Jurisdiction

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. This court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d

5

320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of the plaintiff's "well-pleaded complaint" as of the time of removal. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). Because the plaintiff is the master of his complaint, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if the plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). That federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328-29 (5th Cir. 2008).

Both the Notice of Removal and Amended Notice of Removal assert that the Court has federal question jurisdiction over this action because "Plaintiffs' Petition alleges violations of federal laws, including the Health Insurance Portability and Accounting Act of 1996, the Americans with Disabilities Act of 1990, Department of Transportation regulations, and the Pipeline and Hazardous Materials Safety Administration's regulations." (R. Doc. 1 at 2; R. Doc. 9 at 2). The Court will, therefore, consider whether the allegations in the original Petition support federal question jurisdiction in this action.[3]

Despite the assertions in the removal papers, Defendants do not raise any argument in their briefs that Plaintiffs' allegations regarding HIPAA, DOT regulations, and PHMSA regulations support a finding of federal question jurisdiction. "[T]he mere presence of a federal

---

[3] Plaintiffs' allegations in the proposed amended pleading are irrelevant for a determination of whether the Court properly exercised federal question jurisdiction at the time of removal.

6

issue in a state cause of action does not automatically confer federal jurisdiction." *See Merrell Dow v. Thompson*, 478 U.S. 804, 813 (1986). There is no private right of action under HIPAA. *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006). Furthermore, the Petition only appears to reference the DOT regulations and PHSMA regulations for the purpose of establishing the alleged duties that the defendants breached with regard to Plaintiffs' negligence claims. (*See* Petition ¶ 18). In light of the foregoing, Defendants have not met their burden of establishing that Plaintiffs' allegations regarding HIPAA, DOT regulations, and PHMSA regulations support a finding of federal question jurisdiction.

Defendants have, however, met their burden of establishing that Plaintiffs' ADA claim supports federal question jurisdiction. Plaintiffs allege that "Defendants are responsible for the unlawful termination and dismissal of Mr. Mire from his employment" on the basis of, among other things, "violation" of "the ADA." (Petition ¶ 14(b)). Plaintiffs later state in the "Damages" section of their Petition that they were damaged because Defendants "[failed] to obtain a signed and valid release of medical information under the Americans with Disabilities Act (ADA) and the Health Insurance Portability and Accountability Act (HIPAA) for the release of Mr. Mire's drug testing medical information." (Petition ¶ 20).

In a similar action in which the plaintiff sought relief from his employer for alleged damages resulting from his refusal to participate in a drug test, the Western District of Louisiana addressed the issue of whether an alleged violation of the ADA established federal question jurisdiction. *See Leaumont v. City of Alexandria*, No. 13-02397, 2013 WL 5426013 (W.D. La. Sept. 26, 2013), *aff'd* ECF No. 26 (W.D. La. Oct. 29, 2013), *aff'd* 582 F. App'x 407 (5th Cir. 2014). The court rejected the plaintiff's arguments that his allegation that his employer violated "42 U.S.C. § 12101, et seq., particularly § 12114" was made solely "to inform the Court that the

7

ADA sets the standards that may be applied in interpreting" his state law claims, and, therefore, did not establish federal question jurisdiction. *Leaumont*, 2013 WL 5426013, at *2. Because the ADA provides a private cause of action, 42 U.S.C. § 12188, and the plaintiff did not limit the relief sought to state law remedies, the court concluded that there was federal question jurisdiction under the well-pleaded complaint rule. *Id*.

The same result is applicable in this action. Like in *Leaumont*, Plaintiffs unequivocally allege that he is seeking recovery for "violation" of "the ADA." (Petition ¶ 14(b)). Furthermore, Plaintiffs do not limit the remedies sought to those available solely under state law. (Petition ¶ "Prayer for Relief"). Given the broad allegation in the Petition that the Defendants violated the ADA, a finding of federal question jurisdiction is proper.

Plaintiffs' arguments to the contrary are unconvincing. Plaintiffs appear to argue that federal question jurisdiction is lacking because the state court enjoys concurrent jurisdiction over ADA claims. (R. Doc. 17 at 7). To the contrary, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants. . . ." 28 U.S.C. § 1441; *see also Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 460 (5th Cir. 1982) ("Unless . . . there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable."). Plaintiffs also appear to argue that they have referenced the ADA only as a basis of establishing a standard of care to their state law claims. In support of this argument, Plaintiffs rely upon *Praschak v. Kmart Corp.*, 922 F. Supp. 2d 710 (N.D. Ill. 2013), which stands for the proposition that the public accommodation provisions of the ADA do not create a private cause of action for compensatory damages. (R. Doc. 17 at 7). While the Plaintiffs do allege that the

8

Defendants violated certain unidentified medical information release provisions in the ADA, Plaintiffs' more general reference to the ADA does not limit Plaintiffs' claims.

Given Plaintiffs' express allegation in the Petition that the Defendants violated the ADA, and that he seeks recovery for such violation, the Court concludes that under the well-pleaded complaint rule, the Court properly exercised federal question jurisdiction at the time of removal.

### B.    The Addition of ISC as a Defendant

Having concluded that the Court has federal question jurisdiction in light of Plaintiffs' ADA claim, the Court will not consider 28 U.S.C. § 1447(e) or *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987)

Under Rule 15(a)(2), after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[4]  The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).  Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir.

---

[4] While Plaintiffs initially sought amendment pursuant to Rule 15(a)(2), both parties argue in their briefs that Rule 15(a)(1) is applicable. Rule 15(a)(1) provides that a "party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  The record indicates that Plaintiffs served the original defendants on January 24, 2018 (R. Doc. 1 at 2), and then moved to amend their pleading more than 21 days later on February 15, 2018.  Furthermore, Plaintiffs filed their motion to amend prior to service of the Rule 12(b) motions by Motiva and Dr. Barnett (R. Docs. 13, 14) or DISA'a Answer (R. Doc. 17) on March 8, 2018.  Accordingly, neither Rule 15(a)(1)(A) nor Rule 15(a)(1)(B) appear to apply the instant motion.  Given that leave to amend is proper pursuant to Rule 15(a)(2), the Court need not decide whether amendment as a matter of course under Rule 15(a)(1) is proper given the procedural facts of this case.

9

2005) (quotations omitted). In determining whether to grant leave, a court may consider several factors, including among other things, the movant's "bad faith or dilatory motive" and the "futility" of the amendment. *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. at 873 (citations omitted).

Given the procedural posture of this action, the Court finds that it does not possess a substantial reason to deny Plaintiffs' Motion for Leave to Amend. Both Plaintiffs and Defendants have argued that, notwithstanding arguments regarding the applicable of Section 1447(e) and *Hensgens*, amendment was sought as a matter of right. Given that the Motion to Amend was filed just 22 days after service of the Petition, and just one week after removal, Plaintiffs were not dilatory in seeking amendment. Given the foregoing conclusion that this Court can exercise federal question jurisdiction notwithstanding the addition of a non-diverse defendant into the action, Defendants' arguments that amendment is sought solely to defeat jurisdiction or otherwise result from bad faith fall short. While Defendants have raised various arguments in support of a finding that Plaintiffs claims against ISC are futile, given that the addition of ISC as a defendant will not destroy this Court's subject matter jurisdiction, the Court finds it prudent to allow Plaintiffs to amend the pleading and for ISC to raise any arguments in its own defense.

**III.    Conclusion**

Based on the foregoing, the Court can exercise federal question jurisdiction over this action under 28 U.S.C. § 1331 in light of Plaintiffs' ADA claims raised in the original Petition. In addition, the Court can exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining state law claims.  Finally, the addition of ISC as a defendant in the Amended Complaint does not destroy this Court's subject matter jurisdiction.

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 17) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' Motion for Leave of Court to File First Amended Petition for Damages (R. Doc. 4) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Court instruct the Clerk's Office to enter Plaintiffs' First Amended Petition for Damages (R. Doc. 4-1) into the record.

Signed in Baton Rouge, Louisiana, on June 11, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**